Nina Mae Becker
10834 W. Amber Trail
Sun CityAZ 85351
(623) 297-6613

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCivP 5.4
(Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 03 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nina Mae Becker,

    Plaintiff,

v.

Katie Hobbs, Arizona Secretary of State,

    Defendant(s).

CASE NUMBER: **CV21-00769-PHX-SMB**

**COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to 15th amendment §§ 15th amendment. The plaintiff is a resident of Sun City, Maricopa County, AZ and a citizen of the United States. The defendant, , is a resident of Phoenix, AZ and a citizen of the United States. The cause of action arose in the Phoenix division.

## Complaint

Ms. Hobbs denied Ms. Becker her 15th amendment right to run for Congressional District 7 on May 28,2020 and June 30,2020. She also denied her right to run for Congressional District 3 on June 30,2020 because she did not meet the guidelines for restoration of her civil right to vote under Arizona Statutes.

## Demand

Ms. Becker was denied her 15th amendment right to run for congress. Since the Republican nominee Joshua Barnett received 50,226 votes compared to Ruben Gallego who received 165,452. There is a 25% chance that Ms. Becker could have won had she not been denied her constitutional rights. With a salary of 174,000 for 2 years for a total of 348,000. Therefore Ms. Becker requests damages of 87,000 for the denial of her 15th amendment rights. **Damages: $87,000** Loss of income The Plaintiff wants a trial by jury.

Date: 5-3-2021

*Nina Mae Becker*
Signature of Pro Se Plaintiff
Nina Mae Becker
10834 W. Amber Trail
Sun City, AZ 85351
(623) 297-6613

Nina M. Becker

V

Katie Hobbs, Arizona Secretary of State

Mark Brnovich, Attorney General

Ms. Becker, A federal convicted felon. Having pled guilty and been duly sentenced in the Eastern District of Washington.

Ms. Becker was released by the Federal Bureau of Prisons into the custody of United States Probation in the District of Arizona.

Ms. Becker became politically active in the State of Arizona politics.

On April 14th, 2019, Ms. Becker wrote a letter to the judge who had sentenced her and asked for reinstatement of her right to vote.

On April 22,2019, Ms. Becker received a response advising her to question her probation officer and her previous defense attorney.

They did not respond.

Ms. Becker then contacted The Attorneys General of Washington, the state where the conviction had been received and Arizona, the state where she currently resided and received no specific answer.

The state of Washington under RCW 29A.08.054.

> (1) For a felony conviction in a Washington state court, the right to vote is provisionally restored as long as the person is not under the authority of the department of corrections. For a felony conviction in a federal court or any state court other than a Washington state court, the right to vote is restored as long as the person is no longer incarcerated.

The state of Arizona under Revised Statute 13-908

> A. On final discharge, any person who has not previously been convicted of a felony offense shall automatically be restored any civil rights that were lost or suspended as a result of the conviction if the person pays any victim restitution imposed.
> B. A person who is entitled to the restoration of any civil rights pursuant to this section is not required to file an application pursuant to section 13-908.

> D. For the purposes of this section, "final discharge" means the completion of probation or the receipt of an absolute discharge from the state department of corrections or the United States bureau of prisons.

Since Ms. Becker has not completed her victim restitution, the state of Arizona does not allow her to vote.

Ms. Becker registered to vote in accordance with the state of Washington in August 2019. On December 2,2019 she became a candidate for Congressional District 7. She withdrew due to Election Challenges and issues with her petitions.

On May 28,2020 she attempted to register as a write in candidate for the same district and was denied by the secretary of state.

On June 30,2020 she again attempted to register as a write in candidate and was denied by the secretary of state.

On June 30,2020 she attempted to register as a write in candidate for Congressional District #3 and was again denied by the secretary of state.

On August 14,2020, she attempted to register as a write in candidate for State Representative District No. 30 and was denied.

Her name never appeared on the ballot.

According to the secretary of state, she was a first time convicted felon who had not completed victim restitution and therefore was not eligible to vote or run for office according to Arizona state law.

15th amendment

The right of the citizens of the United States to vote shall not be denied or abridged the United States or any state on account of race, color, or previous condition of servitude.

Ms. Becker having received her federal felony conviction in the state of Washington, and now residing in the state of Arizona, attests that her right to vote and run for public office had been restored and were violated by the secretary of state.

She further asserts that since the states of Washington and Arizona disagree it is up to the constitution to reinstate her right to vote and run for public office and that these rights were violated.

Since Washington became a state November 11,1889 and Arizona did not become a state until February 14,1912. It is the purgatory of Washington state to decide when Ms. Becker could vote and run for public office.

Also under the previous condition of servitude clause of the 15th Amendment, Ms. Becker, a legal citizen of the United States of America since birth, regained her right to vote the day she was released from the custody of the Federal Bureau of Prisons. February 1,2017.

She asserts that the Secretary of State violated her constitutional right to vote under the previous condition of servitude clause in the 15th amendment and is seeking compensatory damages in accordance with the violation of her rights.

If ... a current officeholder and are required to file a Financial Disclosure Statement with the Secretary of State's office, click on the 'O! ₋nolder' tab below and then the 'Add New Officeholder' button.

If you are running for office in Arizona, click on the 'Running for Office' tab below and then the 'Add New Election' button.

**Officeholder** | **Running for Office**

| Election | Ballot Name | Office | Party | Campaign Type | Created | Status |
|---|---|---|---|---|---|---|
| 2020 Primary Election 08/04/2020 | Nina "La Nina" Becker | U.S. Representative in Congress - District No. 7 | Republican | Nomination | December 02, 2019 @ 07:59 AM | Withdrawn |
| 2020 Primary Election 08/04/2020 | Nina "La Nina" Becker | U.S. Representative in Congress - District No. 7 | Republican | Write-In | May 28, 2020 @ 12:58 PM | Pending |
| 2020 General Election 11/03/2020 | Nina "La Nina" Becker | U.S. Representative in Congress - District No. 7 | Republican | Write-In | June 30, 2020 @ 05:08 AM | Pending |
| 2020 General Election 11/03/2020 | Nina "La Nina" Becker | U.S. Representative in Congress - District No. 3 | Republican | Write-In | June 30, 2020 @ 12:31 PM | Pending |
| 2020 General Election 11/03/2020 | Nina "La Nina" Becker | State Representative - District No. 30 | Republican | Write-In | August 14, 2020 @ 03:40 AM | Pending |
| 2022 Primary Election 08/02/2022 | Nina "La Nina" Becker | U.S. Representative in Congress - District No. 7 | Republican | Nomination | March 26, 2021 @ 05:32 AM | Pending |

### The Fifteenth Amendment in the National Archives

**More details**

United States Congress - National Archives of the United States

15th Amendment of the United States Constitution.

Public Domain

View El6e15th Amendment Pg1of1 AC.jpg
Created: 1 January 1870

**Permission details**

Credit: NARA

About this interface | Discussion | Help

# RCW 29A.08.520

## Felony conviction—Provisional and permanent restoration of voting rights.

*** CHANGE IN 2021 *** (SEE 1078-S.SL) ***

(1) For a felony conviction in a Washington state court, the right to vote is provisionally restored as long as the person is not under the authority of the department of corrections. For a felony conviction in a federal court or any state court other than a Washington state court, the right to vote is restored as long as the person is no longer incarcerated.

(2)(a) Once the right to vote has been provisionally restored, the sentencing court may revoke the provisional restoration of voting rights if the sentencing court determines that a person has willfully failed to comply with the terms of his or her order to pay legal financial obligations.

(b) If the person has failed to make three payments in a twelve-month period and the county clerk or restitution recipient requests, the prosecutor shall seek revocation of the provisional restoration of voting rights from the court.

(c) To the extent practicable, the prosecutor and county clerk shall inform a restitution recipient of the recipient's right to ask for the revocation of the provisional restoration of voting rights.

(3) If the court revokes the provisional restoration of voting rights, the revocation shall remain in effect until, upon motion by the person whose provisional voting rights have been revoked, the person shows that he or she has made a good faith effort to pay as defined in RCW 10.82.090.

(4) The county clerk shall enter into a database maintained by the administrator for the courts the names of all persons whose provisional voting rights have been revoked, and update the database for any person whose voting rights have subsequently been restored pursuant to subsection (6) of this section.

(5) At least twice a year, the secretary of state shall compare the list of registered voters to a list of felons who are not eligible to vote as provided in subsections (1) and (3) of this section. If a registered voter is not eligible to vote as provided in this section, the secretary of state or county auditor shall confirm the match through a date of birth comparison and suspend the voter registration from the official state voter registration list. The secretary of state or county auditor shall send to the person at his or her last known voter registration address and at the department of corrections, if the person is under the authority of the department, a notice of the proposed cancellation and an explanation of the requirements for provisionally and permanently restoring the right to vote and reregistering. To the extent possible, the secretary of state shall time the comparison required by this subsection to allow notice and cancellation of voting rights for ineligible voters prior to a primary or general election.

(6) The right to vote may be permanently restored by one of the following for each felony conviction:

(a) A certificate of discharge issued by the sentencing court, as provided in RCW 9.94A.637;

(b) A court order restoring the right, as provided in RCW 9.92.066;

(c) A final order of discharge issued by the indeterminate sentence review board, as provided in RCW 9.96.050; or

(d) A certificate of restoration issued by the governor, as provided in RCW 9.96.020.

(7) For the purposes of this section, a person is under the authority of the department of corrections if the person is:

(a) Serving a sentence of confinement in the custody of the department of corrections; or

(b) Subject to community custody as defined in RCW 9.94A.030.

[ 2013 c 11 § 19. Prior: (2009 c 369 § 27 repealed by 2013 c 11 § 95); 2009 c 325 § 1; 2005 c 246 § 15; 2004 c 267 § 126; 2003 c 111 § 233; prior: 1994 c 57 § 42. Formerly RCW 29.10.097.]

## NOTES:

13-904. Suspension of civil rights and occupational disabilities

A. A conviction for a felony suspends the following civil rights of the person sentenced:

1. The right to vote.

2. The right to hold public office of trust or profit.

3. The right to serve as a juror.

4. During any period of imprisonment any other civil rights the suspension of which is reasonably necessary for the security of the institution in which the person sentenced is confined or for the reasonable protection of the public.

5. The right to possess a firearm.

B. Persons sentenced to imprisonment shall not thereby be rendered incompetent as witnesses on the trial of a criminal action or proceeding, or incapable of making and acknowledging a sale or conveyance of property.

C. A person sentenced to imprisonment is under the protection of the law, and any injury to his person, not authorized by law, is punishable in the same manner as if the person was not convicted and sentenced.

D. The conviction of a person for any offense shall not work forfeiture of any property, except if a forfeiture is expressly imposed by law. All forfeitures to the state, unless expressly imposed by law, are abolished.

E. A person shall not be disqualified from employment by this state or any of its agencies or political subdivisions solely because of a prior conviction for a felony or misdemeanor within or without this state. A person may be denied employment by this state or any of its agencies or political subdivisions by reason of the prior conviction for a felony or misdemeanor if the offense has a reasonable relationship to the functions of the employment sought.

F. Subsection E of this section is not applicable to any law enforcement or probation agency.

G. Any complaints concerning a violation of subsection E of this section shall be adjudicated in accordance with the procedures set forth in title 41, chapter 6 and title 12, chapter 7, article 6.

H. A person who is adjudicated delinquent under section 8-341 for a felony does not have the right to carry or possess a firearm.

# VIEW DOCUMENT

The Arizona Revised Statutes have been updated to include the revised sections from the 54th Legislature, 2nd Regular Session. Please note that the next update of this compilation will not take place until after the conclusion of the 55th Legislature, 1st Regular Session, which convenes in January 2021.

## DISCLAIMER

This online version of the Arizona Revised Statutes is primarily maintained for legislative drafting purposes and reflects the version of law that is effective on January 1st of the year following the most recent legislative session. The official version of the Arizona Revised Statutes is published by Thomson Reuters.

13-907. Automatic restoration of civil rights for first offenders; exception; definition

A. On final discharge, any person who has not previously been convicted of a felony offense shall automatically be restored any civil rights that were lost or suspended as a result of the conviction if the person pays any victim restitution imposed.

B. A person who is entitled to the restoration of any civil rights pursuant to this section is not required to file an application pursuant to section 13-908.

C. This section does not apply to a person's right to possess a firearm as defined in section 13-3101. The court may order the restoration of the right to possess a firearm pursuant to section 13-910.

D. For the purposes of this section, "final discharge" means the completion of probation or the receipt of an absolute discharge from the state department of corrections or the United States bureau of prisons.

© 2021 Arizona State Legislature. All Rights Reserved

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔚𝔞𝔰𝔥𝔦𝔫𝔤𝔱𝔬𝔫
920 𝔚𝔢𝔰𝔱 ℜ𝔦𝔳𝔢𝔯𝔰𝔦𝔡𝔢 𝔄𝔳𝔢𝔫𝔲𝔢
𝔓.𝔒. 𝔅𝔬𝔵 1493
𝔖𝔭𝔬𝔨𝔞𝔫𝔢, 𝔚𝔞𝔰𝔥𝔦𝔫𝔤𝔱𝔬𝔫 99210-1493

𝔎𝔬𝔰𝔞𝔫𝔫𝔞 𝔐𝔞𝔩𝔬𝔲𝔣 𝔓𝔢𝔱𝔢𝔯𝔰𝔬𝔫
 𝔘.𝔖. 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔍𝔲𝔡𝔤𝔢

(509) 458-5260

April 18, 2019

Nina Becker
10834 West Amber trail
Sun City, AZ 85351

    RE:   *USA v. Nina Becker*, 2:13-CR-81-RMP

Dear Ms. Becker,

    The Court is in receipt of your letter dated April 14, 2019, requesting that your civil rights be restored. Unfortunately, I am not able to help you, but I suggest that you contact your attorney, Bevan Maxey, or your supervising probation officer as to the procedure that you need to follow.

    I commend your commitment to "be a part of the solution, instead of the problem," and I wish you the best of luck in your endeavors.

                           Sincerely,

                         *s/ Rosanna Malouf Peterson*

                      ROSANNA MALOUF PETERSON
                        United States District Judge